IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRETCHEN M. MITCHELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 23-2498-JWL |
| ) | |
| MICHELLE A. KING,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Docs. 16, 17) (Pl. Mot., Mem.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $9,125.90 pursuant to the Social Security Act.

**I.   Background**

Plaintiff filed a Complaint in this court on November 9, 2023, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc

---

[1] On January 21, 2025, Ms. King became Acting Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. King is substituted for Acting Commissioner Carolyn W. Colvin as the defendant.   Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1).   After the Commissioner filed the administrative record in this case, she confessed error and filed an unopposed motion to remand.   (Doc. 9).   The court granted the Commissioner's motion and entered judgment remanding the case for further proceedings on January 9, 2024.   (Docs. 10, 11).   The court granted Plaintiff's unopposed motion for attorney fees in the amount of $1,600.00 pursuant to the Equal Access to Justice Act on January 24, 2024.   (Doc. 14).   On remand, the Commissioner granted disability benefits and issued a Notice of Award on December 8, 2024.   (Pl. Mot., Attach. 2).   Plaintiff now seeks award of attorney fees of $9,125.90 pursuant to § 206(b) of the Social Security Act.   42 U.S.C. § 406(b).

In a development which seems strange in the court's experience and somewhat disconcerting, the Notice of Award in this case does not specifically state the amount of "past due benefits" awarded within the meaning of 42 U.S.C. § 406 (b) (although it does imply that Plaintiff's "first payment" of $54,876.45 is the "past due benefits"), and it does not specify the amount of past due benefits, if any, withheld by the Commissioner to pay representative fees.   (Pl Mot., Attach 2).   In her response to Plaintiff's motion, the Commissioner makes the following request and explanation:

> The Commissioner requests that the Court [sic] specify in its order that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy.   The Commissioner withholds, at most, 25% of a claimant's past-due benefits for possible payment of authorized fee awards.   However, the benefits withheld is [sic] a single pool, from which the Commissioner may direct pay attorney's fees for both agency representation (§ 406(a) awards) and court representation (§ 406(b) awards).   See Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019).   Notably, authorized fee awards are paid out in the order received.   See

2

> POMS GN 03920.050. Because withheld past-due benefits are paid out on a first-come, first-served basis, the amount available for direct payment under § 406(b) is subject to change. Ultimately, "Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's," Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 71 (2d Cir. 2016), and if the withheld benefits in the Commissioner's possession are "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference," Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).

(Doc. 18, p.2) (Comm'r Response) (emphasis in original).

The court is aware of the relationship between representative fee awards pursuant to § 406(a) and 406(b), that representative fees are paid out of withheld past due benefits in the order the request is received, that the greatest amount withheld to pay representative fees is 25% of past due benefits, and that occasionally 25% of past due benefits are not withheld for whatever reason. It is for that reason that this court usually orders the Commissioner to provide the attorney fee the court approves to Plaintiff's counsel <u>subject to any remaining past due benefits withheld</u> and notes that any remaining amount due is Plaintiff's responsibility.

The Commissioner is the party who computes the amount of past due benefits and knows the amount of past due benefits withheld to pay representative fees. It is essential for the court to know the amount of past due benefits to ascertain a reasonable attorney fee <u>not in excess of 25% of past due benefits</u>. In the court's experience, the most efficient way to ascertain 25% of past due benefits is when the Commissioner specifically states the amount of past due benefits in the Notice of Award. Moreover, in those

instances where the Notice of Award also states the amount of past due benefits withheld and the amount of representative fees paid pursuant to § 406(a) the court is reminded of any clear need to explain that Plaintiff will be responsible for any shortfall.   In any case where the court cannot ascertain the total past due benefits with reasonable certainty, it will not hesitate to order the Commissioner to provide that information but it would prefer the Commissioner provide that information in the Notice of Award as a matter of course as she has in the past.

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).   However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,  . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case.  Where there is a contingency-fee agreement between the plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness.  <u>Gisbrecht</u>, 535 U.S. at 807-08.  In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.  <u>Id.</u> 535 U.S. at 808.  The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate.  <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>. <u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010).  It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'"  <u>Id.</u> at 935 (quoting <u>Gisbrecht</u>, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

5

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors.   Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'"   Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court has approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No.

21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

## III.  Discussion

Here, Plaintiff's attorney requests a fee award of only about two-thirds of the full 25 percent of Plaintiff's past due benefits, or $9,125.90. He included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits. (Pl. Mot., Attach. 1). Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 14.3 hours expended. Id., Attach. 3. An award of the fee requested would result in an hourly rate of $638.18 and an effective hourly rate in a noncontingent case of $227.92.

The Commissioner submitted a response to Plaintiff's Motion asserting that she "neither supports nor opposes counsel's request for attorney's fees in the amount of $9,125.90." (Doc. 18, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings. Plaintiff has met her burden to prove that award of $9,125.90 is reasonable in the circumstances present here. The court recognizes that the contingent nature of the fee justifies a fee award in Social Security

cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.  This is true due to the deferential standard applicable in Social Security cases, Biestek v. Berryhill, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal Access to Justice Act (EAJA) fee, 28 U.S.C. § 2412, which was $1,600.00 in this case, must be refunded to Plaintiff as the smaller fee.

The court finds that $9,125.90, is a reasonable fee in the circumstances of this case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $9,125.90 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past due benefits withheld, with any shortage in fee the responsibility of Plaintiff.

**IT IS FURTHER ORDERED** that counsel shall refund the EAJA fee award of $1,600.00 to Plaintiff.

Dated January 28, 2025, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
